UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. CENTER,<br><br>       Plaintiff,<br><br>   v.<br><br>JERRY BROWN, et al.,<br><br>       Defendants. | No.  2:13-cv-760-MCE-EFB P<br><br><br>ORDER |

   Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.**     **Request to Proceed In Forma Pauperis**

   Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  His application makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in §§ 1915(b)(1) and (2).

**II.**    **Screening Requirement and Standards**

   Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3    relief."  *Id.* § 1915A(b).

4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.
11   Ct. 1937, 1949 (2009).

12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15   a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,
16   129 S. Ct. at 1949.

17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19   content that allows the court to draw the reasonable inference that the defendant is liable for the
20   misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a
21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
23   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24   **III.    Screening Order**

25      The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it
26   must be dismissed with leave to amend for failure to state a claim upon which relief may be
27   granted.  According to the allegations therein, jail staff has violated plaintiff's constitutional
28   rights by failing to provide him with adequate medical treatment.  Through this action, he

requests the following: 1) to be diagnosed by an "outside" orthopedist and neurologist; 2) for the jail to follow their recommendations on pain management; 3) to start physical therapy; and/or 4) to be released temporarily so that he may seek the medical treatment that he is unable to receive while confined to the jail. ECF No. 4, § IV.  Given the standards set forth below governing Eighth Amendment deliberate indifference claims brought pursuant to 42 U.S.C. § 1983, however, plaintiff's allegations are simply too vague and conclusory to state a claim for relief. To proceed, plaintiff must file an amended complaint.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

/////

1  To act with deliberate indifference, a prison official must both be aware of facts from
2 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
3 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
4 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
5 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
6 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
7 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
8 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
9 *Id.*

10  It is important to differentiate common law negligence claims of malpractice from claims
11 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
12 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
13 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
14 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391
15 F.3d 1051, 1057 (9th Cir. 2004).

16  Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
17 cognizable legal theory against a proper defendant and sufficient facts in support of that
18 cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
19 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
20 their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
21 shall clearly set forth the claims and allegations against each defendant. Any amended complaint
22 must cure the deficiencies identified above and also adhere to the following requirements:

23  Any amended complaint must identify as a defendant only persons who personally
24 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
25 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
26 constitutional right if he does an act, participates in another's act or omits to perform an act he is
27 legally required to do that causes the alleged deprivation). It must also contain a caption
28 including the names of all defendants. Fed. R. Civ. P. 10(a).

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

### IV. Conclusion

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 21, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE